**DONALDSON, Appellee,**

v.

**TODD, Appellant.**

[Cite as *Donaldson v. Todd,* 174 Ohio App.3d 117, 2007-Ohio-6504.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–328.

Decided Dec. 6, 2007.

Jodelle D'Amico, for appellee.

Michael D. Winston, for appellant.

KLATT, Judge.

{¶ 1} Respondent-appellant, Carlos D. Todd, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for attorney fees. For the following reasons, we reverse.

{¶ 2} On November 2, 2006, petitioner-appellee, Nancy A. Donaldson, petitioned the trial court for a civil-protection stalking order. In her petition, Donaldson averred that Todd drove by her residence on three occasions, twice stopping and waving at her children. Donaldson also stated that Todd followed her home from a doctor's appointment and that he damaged her vehicle twice. Based upon these facts, the trial court granted Donaldson an ex parte order of protection and set the matter for a hearing.

{¶ 3} At Todd's request, the trial court continued the hearing until January 8, 2007. When Donaldson failed to appear on that date, the trial court issued an order requiring Donaldson to show cause why it should not dismiss her case for lack of prosecution. Donaldson did not respond, so the trial court dismissed the case.

{¶ 4} On February 6, 2007, Todd filed a motion requesting that the trial court award him attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. In support of this motion, Todd submitted an affidavit in which he disputed all of the facts that Donaldson had asserted in her petition. Specifically, Todd stated that (1) he had never been to Donaldson's house, (2) he did not know how to drive and did not have access to a vehicle, (3) he saw Donaldson's children only at the courthouse and never waved at them, (4) he had never vandalized Donaldson's vehicle, and (5) he was incarcerated in the Franklin County Jail on September 30, 2006, one of the dates on which Donaldson alleged that he had damaged her vehicle.

{¶ 5} Without holding a hearing, the trial court denied Todd's motion. In its March 28, 2007 decision and entry, the trial court found that Donaldson had not engaged in the frivolous conduct necessary to justify an award of attorney fees under R.C. 2323.51.

{¶ 6} Todd now appeals from the decision and entry and assigns the following errors:

1. The trial court erred when it overruled defendant's motion for attorney's fees, for plaintiffs' [sic] frivolous filing of a petition for civil protection order, without holding a hearing to determine whether there was any merit to plaintiff's petition.

2. The trial court erred when it purported to conduct it's [sic] own research, sua sponte, and arbitrarily took judicial notice of erroneous facts, but failed to

take notice of public records submitted by appellant, in its decision and entry overruling defendant's motion for attorney's fees.

{¶ 7} By his first assignment of error, Todd argues that the trial court erred in not holding a hearing on his motion for attorney fees. We agree.

{¶ 8} Todd sought attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. According to R.C. 2323.51(B)(1), a court may award attorney fees to any party to a civil action who is adversely affected by frivolous conduct. "Frivolous conduct" includes making "allegations or other factual contentions that [either] have no evidentiary support" or "are not warranted by the evidence." R.C. 2323.51(A)(2)(a)(iii) and (iv).[1] A court may also award attorney fees if a party willfully contravenes the purposes behind Civ.R. 11. That rule requires attorneys or pro se parties to sign all pleadings, motions, or other documents to certify that "the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Thus, Civ.R. 11 authorizes a trial court to award attorney fees if a pro se party willfully signs a document which the party knows is not supported by good ground. *Neubauer v. Ohio Remcon, Inc.,* Franklin App. No. 05AP–946, 2006-Ohio-1481, 2006 WL 772020, at ¶ 29; *Kane v. Kane,* Franklin App. No. 02AP–933, 2003-Ohio-4021, 2003 WL 21744091, at ¶ 17.

{¶ 9} Neither R.C. 2323.51 nor Civ.R. 11 require a trial court to conduct a hearing before denying a motion for attorney fees. *Capps v. Milhem,* Franklin App. No. 03AP–251, 2003-Ohio-5212, 2003 WL 22233402, at ¶ 7 (discussing the lack of a hearing requirement under Civ.R. 11); *Ohio Dept. of Adm. Servs. v. Robert P. Madison Internatl., Inc.* (2000), 138 Ohio App.3d 388, 399, 741 N.E.2d 551 (discussing the lack of a hearing requirement under R.C. 2323.51); *Woodworth v. Huntington Natl. Bank* (Dec. 7, 1995), Franklin App. No. 95APE02–219, 1995 WL 723664 (discussing the lack of a hearing requirement under both R.C. 2323.51 and Civ.R. 11). Rather, a trial court " 'must schedule a hearing only on those motions which demonstrate arguable merit.' " *Robert P. Madison Internatl., Inc.,* 138 Ohio App.3d at 399, 741 N.E.2d 551, quoting *Tosi v. Jones* (1996), 115 Ohio App.3d 396, 401, 685 N.E.2d 580. See also *Capps,* at ¶ 7; *Woodworth.* If a trial court determines that there is no basis for an award of attorney fees, it may deny the motion without a hearing. Id. See also *Cortext Ltd. v. Pride*

---

1. In its decision and entry, the trial court stated that it "is generally loathe to award sanctions in this case * * * absent clear evidence that the petition was merely meant to harass or maliciously injure Respondent." Although conduct that "serves merely to harass or maliciously injure another party" is "frivolous conduct," other types of conduct—including the conduct described in R.C. 2323.51(A)(2)(a)(iii) and (iv)—also constitute "frivolous conduct." R.C. 2323.51(A)(2)(a)(i) through (iv). Thus, we caution the trial court to consider the entirety of R.C. 2323.51(A)(2) when considering whether to grant attorney fees.

*Media Ltd.,* Franklin App. No. 02AP–1284, 2003-Ohio-5760, 2003 WL 22434592, at ¶ 13 ("The key to this court's analysis of the hearing requirement pursuant to R.C. 2323.51 is that the trial court may deny an oral hearing only to those motions which 'on their face reveal the lack of a triable issue' "); *Victoria's Garden v. Sheehy* (July 27, 1993), Franklin App. No. 93AP–404, 1993 WL 302835 (stating the same rule of law).

{¶ 10} In the case at bar, Todd's motion demonstrated arguable merit. Todd testified that he did not commit any of the acts that Donaldson set forth in her petition. In addition to his own denials, Todd presented records related to his imprisonment and home arrest that showed that he was imprisoned in the Franklin County Jail on September 30, 2006, one of the days on which Donaldson contends that he damaged her vehicle. Together, this evidence calls into question whether Donaldson had any evidentiary support or "good ground" for her petition. Thus, Todd's motion presented an arguable basis for an award of attorney fees under either R.C. 2323.51 or Civ.R. 11, and the trial court erred in failing to hold a hearing on the motion. Accordingly, we sustain Todd's first assignment of error.

{¶ 11} Due to our resolution of Todd's first assignment of error, we must reverse the trial court's judgment and remand this matter to the trial court for a hearing. Accordingly, Todd's second assignment of error, which attacks the validity of the trial court's judgment, is moot.

{¶ 12} For the foregoing reasons, we sustain Todd's first assignment of error. This disposition renders moot his second assignment of error. Additionally, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand this cause to that court for further proceedings in accordance with law and this opinion.

Judgment reversed
and cause remanded.

BROWN and FRENCH, JJ., concur.