[Cite as *Filonenko v. Smock Constr., L.L.C.*, 2018-Ohio-3283.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dimitry Filonenko et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 17AP-854 |
| v. | : | (C.P.C. No. 15CV-9075) |
| Smock Construction, LLC, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 16, 2018

**On brief:** *Cook, Sladoje & Wittenberg Co., LPA*, *Eric J. Wittenberg* and *Adam C. Sims*, for appellants. **Argued:** *Eric J. Wittenberg.*

**On brief:** *Robert D. Holmes*, for appellee. **Argued:** *Robert D. Holmes.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiffs-appellants, Dimitry Filonenko and FDT Group, LLC, appeal a judgment entered by the Franklin County Court of Common Pleas. For the following reasons, we reverse in part that judgment and remand this case to the trial court for further proceedings.

{¶ 2} Plaintiffs initiated this action against defendant-appellee, Smock Construction, LLC, with a complaint filed in the Franklin County Municipal Court. With leave of court, plaintiffs amended their complaint to request damages that exceeded the municipal court's monetary jurisdiction. The municipal court, therefore, transferred the case to the common pleas court.

{¶ 3}     Before the common pleas court, defendant submitted a number of filings that plaintiffs deemed frivolous and unsupported by good grounds.  In response to each such filing, plaintiffs moved pursuant to R.C. 2323.51 and Civ.R. 11 for an award of attorney fees and expenses to compensate them for the cost of responding to the filing.  Specifically, plaintiffs moved for sanctions against defendant and its attorney:  (1) in combination with their January 26, 2016 memorandum in opposition to defendant's January 25, 2016 motion to dismiss; (2) in combination with their July 19, 2016 memorandum in opposition to the "Dispositive Motion of Defendant" filed July 18, 2016; (3) in their September 27, 2016 motion to strike defendant's amended answer and counterclaim and motion for sanctions; (4) in their September 29, 2016 second motion to strike defendant's amended answer and counterclaim and motion for sanctions; (5) in their December 12, 2016 motion to strike "Defendant's Memorandum as to Jurisdiction and Venue and Other Means of Dispute Resolution, for Pre-Trial, December 15, 2016 and Status Conference" and motion for sanctions; (6) in their January 10, 2017 motion to strike defendant's memorandum in opposition to plaintiffs' second motion in limine and motion for sanctions; (7) in their January 12, 2017 motion to strike defendant's January 11, 2017 memorandum and motion for sanctions; (8) in their January 26, 2017 motion to strike defendant's "Memorandum: Computation of Smock Construction LLC's Cost of 374 Square Foot Office Use for Work on Sewerage Aeration Problem of Plaintiff's and Office Manager Cost, Damages Due Defendant" and motion for sanctions; (9) in their February 21, 2017 motion to strike defendant's status conference memorandum and motion for sanctions; (10) in their July 20, 2017 motion to strike the "Memorandum of Defendant Contra Sanctions" and motion for sanctions; and (11) in their August 30, 2017 motion to strike "Defendant's Memorandum as to Determination of Court Costs and Payment of the $3,075.00 in Damage Determined by Magistrate Petrucci, for Final Court Order" and motion for sanctions.[1]

{¶ 4}     In a decision and entry dated December 14, 2016, the trial court ruled in part on plaintiffs' September 27 and 29, 2016 motions.  The trial court struck defendant's amended counterclaim from the record, but refused to strike defendant's amended answer.

---

[1]  Additionally, at the conclusion of a surreply filed January 12, 2016, plaintiffs requested that the trial court require defendant to compensate plaintiffs pursuant to R.C. 2323.51 for litigation-related expenses incurred as a result of defendant's frivolous conduct.  We leave it to the trial court to determine upon remand if this request amounts to a motion under R.C. 2323.51(B)(1).

The trial court deferred ruling on plaintiffs' motions for sanctions, stating "[t]he Court will address Plaintiffs' request for sanctions following the resolution of the remainder of the merits of this case." (Dec. 14, 2016 Decision and Entry at 2-3.)

{¶ 5} Subsequently, the trial court ruled in part on the motions plaintiffs filed on January 10, 12, and 26, 2017 and February 21, 2017. The trial court granted those motions to the extent that they sought to strike defendant's filings. The trial court held the motions in abeyance to the extent that they sought sanctions, stating that "the Court will entertain Plaintiffs' request for sanctions upon resolution of the case." (May 17, 2017 Decision and Entry at 6.)

{¶ 6} The parties tried the case before a magistrate on June 1, 2017. The magistrate issued a decision finding for plaintiffs on their claim for breach of contract and against plaintiffs on their claim for fraud in the inducement. The magistrate recommended awarding plaintiffs $3,075 in damages, plus post-judgment interest and court costs.

{¶ 7} No party filed objections to the magistrate's decision. In a judgment dated November 7, 2017, the trial court adopted the magistrate's decision, rendered judgment in plaintiffs' favor, and ordered defendant to pay damages of $3,075, plus post-judgment interest and court costs. The trial court further stated, "the Court has reviewed the motions filed subsequent to the Magistrate's Decision and has independently reviewed all motions not resolved prior to the bench trial. The Court holds that the motions are moot." (Nov. 7, 2017 Jgmt. at 2.)

{¶ 8} Plaintiffs appeal the November 7, 2017 judgment, and they assign the following error:

> The Trial Court abused its discretion when, without granting Appellants a hearing, it denied eleven separate motions for sanctions arising from conduct of Appellee's counsel as moot.

{¶ 9} Initially, we must correct a misapprehension in plaintiffs' assignment of error. The trial court did not deny plaintiffs' motions for sanctions in its November 7, 2017 judgment. Rather, the trial court found those motions moot. "An issue is moot 'when it has no practical significance and, instead, presents a hypothetical or academic question.' " *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, ¶ 55. As a general matter, courts will not resolve moot issues. *State v. Harding*, 10th Dist. No. 13AP-362, 2014-Ohio-1187, ¶ 50; *In re Brown*, 10th Dist. No. 03AP-1205, 2005-Ohio-2425, ¶ 15. Consistent with this law, the trial court declined to rule on plaintiffs' motions once it found

those motions moot. The question before this court, therefore, is whether the trial court erred in deciding that plaintiffs' 11 motions for sanctions were moot.

{¶ 10} The trial court did not state in its November 7, 2017 judgment why it concluded that all the pending, unresolved motions were moot. Defendant contends that the trial court found the motions for sanctions moot because the court had denied those motions earlier in the litigation. The record, however, contains no ruling on any of the motions for sanctions. In both of the two pre-trial entries addressing the motions for sanctions, the trial court postponed review of the merits of the motions until resolution of the underlying action. Then, in the final judgment, the trial court stated that it had reviewed the pending motions and found them moot. As the trial court had not yet ruled upon the motions for sanctions when it issued the final judgment, the purported mootness of the motions did not result because the motions were already decided.

{¶ 11} We can only surmise that the trial court held the pending, unresolved motions moot because a judgment in plaintiffs' favor had resolved the underlying litigation. We disagree with that conclusion with regard to the motions for sanctions.

{¶ 12} Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party to a civil action who is adversely affected by frivolous conduct. Prior to making such an award, the court must hold a hearing to determine: (1) whether the conduct at issue was frivolous; (2) if the conduct was frivolous, whether any party was adversely affected by it; and (3) the amount of the award, if any. *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 17. "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1).

{¶ 13} Under Civ.R. 11, a court may award a party reasonable attorney fees and expenses if an opposing attorney signed a pleading, motion, or other document in willful violation of the rule. *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948, ¶ 7-8 (10th Dist.). Civ.R. 11 requires every pleading, motion, or other document of a party represented by an attorney be signed by at least one attorney of record in the attorney's individual name. The attorney's signature constitutes certification that: (1) the attorney has read the pleading, motion, or document; (2) to the best of the attorney's

knowledge, information, and belief, there is good ground to support the pleading, motion, or document; and (3) the pleading, motion, or document is not interposed for delay.

{¶ 14} Both R.C. 2323.51 and Civ.R. 11 serve to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. Therefore, motions for sanctions under R.C. 2323.51 and Civ.R. 11 are collateral to and independent of the primary action. *Flatinger v. Flatinger*, 10th Dist. No. 01AP-1481, 2002-Ohio-3781, ¶ 7; *Fouad v. Velie*, 10th Dist. No. 01AP-283 (Nov. 8, 2001); *Sain v. Roo*, 10th Dist. No. 01AP-360 (Oct. 23, 2001). While motions for sanctions arise from the primary action, the ultimate issue raised by such motions—whether the conduct engaged in during the underlying litigation deserves sanction—remains extant even after the primary action concludes. *See Barbato v. Mercy Med. Ctr.*, 5th Dist. No. 2005 CA 00044, 2005-Ohio-5219, ¶ 30 (holding that a "jury's verdict * * * did not impliedly overrule the motion for sanctions because a sanction issue is a collateral issue to the underlying proceedings"); *Sain* (holding that the defendant's motion for sanctions "clearly * * * survive[d] [the granting of] a motion for summary judgment in the underlying action"); *Fant v. Greater Cleveland Regional Transit Auth.*, 8th Dist. No. 63097 (July 15, 1993) ("[A] Civ.R. 11 motion does not become moot upon the final disposition of a case."); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of the action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.").

{¶ 15} Here, therefore, the trial court erred in determining that a final judgment on the underlying action mooted plaintiffs' motions for sanctions. Accordingly, we sustain plaintiffs' assignment of error to the extent that it asserts error in the mootness finding. We reverse the part of the November 7, 2017 judgment that held that all pending, unresolved motions were moot, and we remand this case to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed in part;*
*case remanded.*

SADLER and LUPER SCHUSTER, JJ., concur.

————————————