[Cite as *Payne v. ODW Logistics, Inc.*, 2019-Ohio-3866.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Payne, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-163 |
| v. | : | (C.P.C. No. 17CV-10716) |
| ODW Logistics, Inc. et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on September 24, 2019

**On brief:** *Larrimer and Larrimer*, and *Thomas L. Reitz*, for appellee. **Argued:** *John H. Larrimer.*

**On brief:** *Morrow & Meryer, LLC,* and *Corey V. Crognale*, for appellant ODW Logistics Inc. **Argued:** *Corey V. Crognale.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, ODW Logistics, Inc. ("ODW"), appeals a decision from the Franklin County Court of Common Pleas denying the motion of ODW for attorney fees and costs as sanctions against plaintiff-appellee John Payne for violating R.C. 2323.51 and Civ.R. 11 (the "motion for sanctions"). Because we find the trial court erred in denying ODW's motion for sanctions without a hearing, we reverse and remand.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} This appeal arises from a workers' compensation case. On December 3, 2015, while he was an employee of ODW, Payne suffered a workplace injury to his left hand. Payne filed a claim for an industrial injury and/or occupational disease with the Bureau of Workers' Compensation, which was assigned claim No. 15-860700.

{¶ 3}    Payne's claim was initially allowed for the conditions of "contusion left hand, left hand sprain/strain, left wrist sprain/strain" and later was additionally allowed for the condition of "complex regional pain syndrome/reflex."  (Ex. A, attached to Dec. 28, 2017 Petition & Compl.) Payne also was awarded payment of temporary total disability ("TTD") benefits which began on December 14, 2015.  (Appellee's Brief at 4.)

{¶ 4}    Subsequently, the claim was additionally allowed to include the condition of "substantial aggravation of major depressive disorder."  In ordering that the claim be additionally allowed for the foregoing condition, both the district hearing officer ("DHO") and the staff hearing officer ("SHO") relied upon the reports in the file from Alethea Baker, Ph.D., dated April 6 and July 11, 2017, as well as Payne's testimony regarding his symptoms.

{¶ 5}    On December 4, 2017, pursuant to R.C. 4123.512, ODW filed a notice of appeal in the Franklin County Court of Common Pleas from the order of the SHO which ordered the claim be additionally allowed for the condition of "substantial aggravation of major depressive disorder."

{¶ 6}    On December 28, 2017, Payne filed his complaint seeking participation in the Ohio Workers' Compensation Fund for the condition of "substantial aggravation of major depressive disorder."

{¶ 7}    Thereafter, and while the case in the Franklin County Court of Common Pleas remained pending, on June 18, 2018, ODW filed with the Industrial Commission of Ohio Form C-86, seeking to terminate Payne's TTD benefits based on the premise that Payne's condition had reached maximum medical improvement ("MMI").  A hearing on ODW's Form C-86 request was held on July 27, 2018 before DHO Elizabeth Strautz.

{¶ 8}    At the July 27, 2018 hearing, ODW elicited testimony from Payne that confirmed prior statements he had made to Dr. Baker which were set forth in her reports dated April 6 and July 11, 2017, including that he was unable to drive using his left hand and that he could not lift or hold objects with his left hand.  Payne also confirmed that he had told Dr. Baker that due to his non-functioning left hand, he depended almost entirely on assistance from his fiancée in order to care for himself.

{¶ 9}    ODW also submitted evidence in the form of video surveillance of Payne from six different days:  March 8, 2016, March 22, 2016, November 5, 2017, November 6, 2017, June 8, 2018, and June 9, 2018.  This video surveillance evidence showed Payne using his

left hand and arm to perform a myriad of activities, including "holding keys; shutting a car door; carrying a box and putting it into the trunk of a car; carrying a plastic grocery bag; using an air hose to put air in four tires of a car; using the left arm to support his body while leaning into a car; pulling a car door shut; pulling himself up into a truck holding onto a strap; and stacking and carrying multiple boxes, using both upper extremities." (Ex. B at 1, attached to Jan. 11, 2019 Def.'s Mot. for Attorneys' Fees & Costs.)

{¶ 10} In addition to the video surveillance evidence, ODW also submitted the May 22, 2018 supplemental report of James Sardo, M.D., who changed his opinion from his original March 7, 2018 independent medical examination ("IME") report based upon "numerous inconsistencies with regard to [Payne's] activities documented on the video surveillance evidence." (Ex. D at 1, attached to Jan. 11, 2019 Def.'s Mot. for Attorneys' Fees & Costs.) Dr. Sardo opined in his report that Payne's physical activities documented on the video surveillance were "inconsistent with previous clinical exam findings and medical documentation on file." (Ex. D at 1, attached to Jan. 11, 2019 Def.'s Mot. for Attorneys' Fees & Costs.) Dr. Sardo concluded that Payne had reached MMI.

{¶ 11} After the July 27, 2018 hearing, the DHO issued an order granting ODW's request that TTD payments be terminated. The DHO indicated her finding was based on the surveillance video evidence, NovaCare Rehabilitation notes from various dates, office notes of Dr. Baker, and the report of Dr. Sardo. Subsequently, in an order prepared on October 1, 2018 and mailed on October 5, 2018, the SHO affirmed the DHO's order.

{¶ 12} Meanwhile, the litigation in the Franklin County Court of Common Pleas was proceeding. Trial was set for December 11, 2018. On December 10, 2018 at 2:01 p.m., counsel for Payne sent an email to the trial court, copying counsel for ODW and stating that "Mr. Payne has instructed me to dismiss with prejudice his Complaint regarding the additional allowance of aggravation of major depressive disorder. Such dismissal means that claim no. 15-860700 will be disallowed for major depressive order" and that the bench trial could be removed from the trial court's schedule. (Ex. E, attached to Jan. 11, 2019 Def.'s Mot. for Attorneys' Fees & Costs.)

{¶ 13} On December 10, 2018, Payne filed a dismissal entry which dismissed his complaint with prejudice and stated that "[c]laim no. 15-860700 is disallowed for

substantial aggravation of Major Depressive Disorder."  Subsequently, on December 19, 2018, an agreed judgment entry was issued by the trial court which specifically found that

> "[p]laintiff failed to prove eligibility to participate in the benefits of the Ohio Workers' Compensation program for the condition of "major [sic] substantial aggravation of major depressive disorder, recurrent."
>
> It is, therefore, ORDERED that Plaintiff John Payne is hereby DENIED the right to participate in the Workers' Compensation program for the condition of "substantial aggravation of major depressive disorder, recurrent" under claim number 15-860700, date of injury December 3, 2015.

(Entry at 1.)

{¶ 14} On January 11, 2019, ODW filed its motion for sanctions.  On February 21, 2019, the trial court issued a Decision and Entry denying the motion for sanctions.[1]  The trial court did not hold an evidentiary hearing.  In denying the motion for sanctions, the court stated, in pertinent part:

> [T]he Court finds that, although Plaintiff's actions *may* be considered unprofessional or discourteous, Plaintiff's conduct is not sanctionable.  Ohio Revised Code § 2323.51(A)(2) sets forth a formidable standard as to what constitutes frivolous conduct.  Here, the Court finds that it is not "obvious" from the facts of this case, that Plaintiff's conduct served merely to injure Defendant ODW.  Nor does the Court find that this action was unwarranted under existing law, or completely unsupported by the facts.  Perhaps greater diligence could have been taken to ensure that Plaintiff could afford to take this action through judgment, or at the very least Plaintiff could have notified this Court and opposing counsel of his intent to dismiss in a timelier fashion.  However, the Court does not find this lack of apparent professionalism to be sanctionable.
>
> Additionally, the Court finds that Defendant ODW is not entitled to relief under Civ.R. 11. * * * In order to recover under Civ.R. 11, the moving party must show that opposing counsel's conduct was in willful violation of the above assertions.  However, the Court finds that willfulness is a high bar to meet, and mere negligence will not allow recovery under this rule.  As such, the Court finds that because Defendant ODW has failed to show that Plaintiff's counsel was *willfully* in violation of any

---

[1] In the same entry, the trial court also denied ODW's motion to strike the reply/sur-reply filed by Payne on January 29, 2019.  That portion of the entry is not at issue in the instant appeal.

> of the above assertions mandated by Civ.R. 11, sanctions are inappropriate.

(Emphasis sic.) (Feb. 21, 2019 Decision & Entry at 4.)

{¶ 15} On March 20, 2019, ODW filed the instant appeal.

## II. ASSIGNMENT OF ERROR

{¶ 16} ODW asserts one assignment of error for our review:

> The Trial Court erred in denying Defendant-Appellant's Motion For Attorneys' Fees and Costs Against the Plaintiff and his attorney under R.C. §2323.51 and Civ.R. 11.

## III. STANDARD OF REVIEW

{¶ 17} The decision of a trial court to deny a hearing on a motion for sanctions "will be reviewed to determine whether there exists an arguable basis for sanctions." *Woodworth v. Huntington Natl. Bank*, 10th Dist. No. 95APE02-219 (Dec. 7, 1995), citing *Micro Coatings, Inc. v. A-1 Advanced Plumbing, Inc.*, 10th Dist. No. 94APE01-80 (Aug. 25, 1994) (hearing under R.C. 2323.51); *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker*, 70 Ohio App.3d 493, 498 (10th Dist.1990) (hearing under Civ.R. 11). "Where there exists an arguable basis for an award of sanctions, a trial court must hold a hearing on the issue." *Woodworth*.

{¶ 18} In the present matter, the trial court denied the motion for sanctions without holding a hearing. Accordingly, ODW's appeal presents the narrow issue of whether its motion for sanctions under R.C. 2323.51 and Civ.R. 11 presented an arguable basis for relief so that the trial court should have held a hearing. For the reasons that follow, we answer in the affirmative.

## IV. LAW AND ANALYSIS

### A. Motion to Dismiss and Amended Motion to Dismiss

{¶ 19} As a threshold matter, this court must address Payne's May 1, 2019 motion to dismiss and Payne's May 1, 2019 amended motion to dismiss. In both the motion and the amended motion, Payne asserts the trial court lacked subject-matter jurisdiction to decide ODW's motion for sanctions because it was not filed within 30 days of the entry of final judgment as required by R.C. 2323.51(B)(1). Therefore, argues Payne, this appeal must be dismissed.

{¶ 20} But ODW's motion for sanctions was filed well within 30 days of the trial court's December 19, 2018 agreed judgment entry.  Incidentally, Payne failed to raise the issue of timeliness of the motion for sanctions in the trial court.

{¶ 21} Accordingly, both the May 1, 2019 motion to dismiss and the May 1, 2019 amended motion to dismiss filed by Payne are hereby denied, and we proceed to the merits of this appeal.

### B.  R.C. 2323.51 and Civ.R. 11

{¶ 22} R.C. 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses," and that the court "may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct."  "Frivolous conduct" includes "making allegations or other factual contentions that have [either] no evidentiary support" or "are not warranted by the evidence."  R.C. 2323.51(A)(2)(a)(iii) and (iv).

{¶ 23} Civ.R.11 also permits a court to award attorney fees if a party willfully contravenes the purposes of the rule.  The rule requires attorneys (or pro se parties) to sign all pleadings, motions, or other documents to certify that "the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."  Civ.R. 11.  Thus, if a party or his attorney willfully signs a document which the party knows is not supported by good ground, a trial court may award expenses and reasonable attorney fees as a sanction for violating the rule.  Civ.R.11; *Filonenko v. Smock Constr., LLC,* 10th Dist. No. 17AP-854, 2018-Ohio-3283, ¶ 13.

{¶ 24} "Both R.C. 2323.51 and Civ.R.11 serve to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation." *Filonenko* at ¶ 14.  While R.C. 2323.51(B)(2) provides for certain procedural requirements, including a hearing, which must precede an award of fees and costs as sanctions, R.C. 2323.51 does not mandate that a trial court conduct a hearing prior to denying a motion for attorney fees. *Ohio Dept. of Admin. Servs. v. Robert P. Madison Internatl., Inc.,* 138 Ohio App.3d 388, 399 (10th Dist.2000), *appeal not allowed*, 90 Ohio St.3d 1431, citing *Tosi v. Jones*, 115 Ohio App.3d 396, 401, (10th Dist.1996).

{¶ 25} Likewise, Civ.R. 11 does not require a trial court to conduct a hearing before denying such a motion. *Capps v. Milhem*, 10th Dist. No. 03AP-251, 2003-Ohio-5212, ¶ 7. To the contrary, a trial court "must schedule a hearing only on those motions which demonstrate arguable merit[,] and[,] where a trial court determines there is no basis for the imposition of sanctions, it may deny the motion without a hearing." *Robert P. Madison Internatl.* at 399, citing *Tosi*, at 401. *See also Justice v. Lutheran Social Serv. of Cent. Ohio*, 79 Ohio App.3d 439, 444 (10th Dist.1992) (stating that if the trial court determines no basis exists for the imposition of sanctions, it may deny the motion without a hearing, as R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for an award of attorney fees, but necessitates a hearing only on those motions which demonstrate arguable merit).

{¶ 26} Nevertheless, "[w]here there exists an arguable basis for an award of sanctions, a trial court must hold a hearing on the issue." *Capps, supra*, citing *Woodworth* (discussing hearing requirement under Civ.R. 11 and R.C. 2323.51). Thus, as previously noted, a trial court's denial of a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions. *Id.* The key to this court's analysis of whether a hearing should have been held "is that the trial court may deny an oral hearing only to those motions which on their face reveal the lack of a triable issue." *Donaldson v. Todd*, 174 Ohio App.3d 117, 2007-Ohio-6504, ¶ 9 (10th Dist.), citing *Cortext Ltd. v. Pride Media Ltd.*, 10th Dist. No. 02AP-1284, 2003-Ohio-5760, ¶ 13.

{¶ 27} In the present matter, we find that ODW's motion for sanctions demonstrated arguable merit. In support of its motion, ODW presented significant evidence that tended to support ODW's position that Payne had been less than forthright regarding the extent and severity of his symptoms arising from his previously allowed conditions relating to the workplace injury to his left hand. This evidence included the transcript of the July 27, 2018 hearing on ODW's request that TTD payments be terminated which included the testimony of Payne regarding his self-reported challenges in using his left hand and arm; the DHO's subsequent order terminating TTD payments which summarized the video surveillance showing Payne performing various activities and finding that the activities "are in direct contradiction to the abilities and restrictions the Injured Worker reported to his medical providers"; and the May 22, 2018 supplemental

report of Dr. Sardo wherein he changed his opinion from his original March 7, 2018 IME report based on "numerous inconsistencies with regard to [Payne's] activities documented on the video surveillance evidence." Dr. Sardo opined in his report that Payne's physical activities documented on the video surveillance were "inconsistent with previous clinical exam findings and medical documentation on file."

{¶ 28} The court finds that the foregoing evidence does call into question whether Payne had evidentiary support or "good ground" for his complaint seeking participation in the Ohio Workers' Compensation Fund for the condition of "substantial aggravation of major depressive disorder." Therefore, ODW's motion for sanctions presented an arguable basis for an award of fees and costs under R.C. 2323.51 and/or Civ.R. 11, and it was error for the trial court not to have held a hearing prior to denying it. We hasten to point out that our conclusion on this point should not be read to suggest that we agree that the evidence shows that Payne engaged in frivolous conduct as defined by R.C. 2323.51, that he engaged in willful conduct under Civ.R. 11 or that an award of attorney fees and costs as sanctions is warranted in this case. Our conclusion does, however, require that we remand this matter for the trial court to properly consider the evidence presented by ODW in its motion at an evidentiary hearing. Thus, we sustain in part appellant's assignment of error.

## V. CONCLUSION

{¶ 29} For the reasons discussed above, we find that because ODW's motion for sanctions demonstrated arguable merit, the trial court should have held an evidentiary hearing pursuant to R.C. 2323.51 and Civ.R. 11 to determine whether the motion for sanctions had merit. Accordingly, we reverse the February 21, 2019 decision and entry of the trial court and remand this matter for further proceedings in accordance with this decision.

*Judgment reversed;*
*cause remanded.*

SADLER and NELSON, JJ., concur.

_____