[Cite as *1116 Hudson, L.L.C. v. Drycreek Mtge., Inc.*, 2025-Ohio-1746.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1116 Hudson, LLC, | : | |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| v. | : | No. 24AP-527 |
| Drycreek Mortgage, Inc. et al., | : | (C.P.C. No. 22CV-7726) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| Tonya A. Miller, individually a.k.a. Tonya Bowersock, individually, | : | |
| | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

D E C I S I O N

Rendered on May 15, 2025

**On brief:** *Wells Law Office*, and *Joquetta S. Wells*, for plaintiff-appellee/cross-appellant. **Argued:** *Joquetta S. Wells*.

**On brief:** *Thomas M. McCash*, for defendant-appellant/cross-appellee. **Argued:** *Thomas M. McCash*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant and cross-appellee Tonya A. Miller ("appellant") challenges the trial court's denial of her motion for sanctions and its failure to hold a sanctions hearing. Plaintiff-appellee and cross-appellant 1116 Hudson, LLC ("appellee") opposes the trial court's decision granting appellant's motion to dismiss for failure to state a claim.

## I. Facts and Procedural History

{¶ 2} On November 4, 2022, appellee filed a complaint alleging breach of contract "arising from the failures of [appellant] . . . to pay the sums due and owing on a Promissory Note." (Compl. at 2.) On November 14, 2022, appellee filed an amended complaint that included as attachments to the complaint the disputed promissory note, a payment demand letter from Wiltshire Capital Partners, LP, and a balance sheet totaling the outstanding amount owed by appellant. Appellee's complaint included three corporations as defendants alongside appellant: Drycreek Mortgage, Inc., Reflections I, Inc., and Reflections II, Inc. (collectively, "defendant-corporations"). The complaint asserts that appellant agreed to pay "upon demand" the amount stated in the note: $7,009.16 with a 10 percent yearly interest rate. (Am. Compl. at ¶ 7.) The complaint claims the parties executed the note on July 23, 1994. On April 10, 2017, appellee issued a written demand for appellant to pay off the note, which, altogether with interest, totaled $99,547.55.

{¶ 3} On December 14, 2022, appellant filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. On December 30, 2022, appellee filed a memorandum in opposition to appellant's motion for dismissal and sanctions. Appellant filed a reply memorandum on January 5, 2023. On November 13, 2023, the trial court filed a decision granting appellant's motion to dismiss and denying her motion for sanctions. On December 8, 2023, appellant filed a notice of appeal with this court. In a prior decision, case No. 23AP-729, we found the trial court's November 13, 2023 decision was not a final order because it failed to account for the defendant-corporations. Appellant then on June 7, 2024 filed a motion to modify the trial court's November 13, 2023 entry under the authority of Civ.R. 4(E) and Civ.R. 60(A). The trial court on August 20, 2024 entered a decision dismissing the case as to all defendant-corporations.

{¶ 4} Appellant timely appealed. Appellee timely cross-appealed.

## II. Assignments of Error

{¶ 5} Appellant assigns two errors for our review:

> [I.] The trial court abused its discretion in denying defendant Tonya Bowersock motion for sanctions pursuant to Civ.R. 11 when an arguable basis for sanctions exists and not holding a hearing to determine the appropriateness of sanctions.

[II.] The trial court abused its discretion in denying defendant Tonya Bowersock motion for sanctions pursuant to §2323.51 and failed to hold a hearing when the motion demonstrates arguable merit for the imposition of sanctions.

{¶ 6} Appellee, as cross-appellant, assigns three errors for our review:

[I.] Where a complaint expressly states the complaint is an action "for breach of contract and for damages," and a claim that the action is time barred by the statute of limitations is asserted in a Civ. R. 12(B)(6) motion to dismiss the action, the trial court errs in determining, solely on the basis of the passage of time, that the complaint is barred by lapse of the statute of limitations and, therefore, must be dismissed on the grounds that the plaintiff can prove no set of facts that would entitle the plaintiff to relief.

[II.] The trial court erred to Plaintiff-Cross Appellant's substantial prejudice by substantively modifying an Entry of dismissal *sua sponte* and not upon a motion made pursuant to Civ. R. 60(B) or upon prior notice to the parties that a motion to dismiss will be converted to a motion for summary judgment.

[III.] The trial court erred to Plaintiff-Cross Appellant's substantial prejudice in granting the Defendant-Appellant's motion to dismiss on the basis of a Civ. R. 12(B)(6) determination that relied upon matters outside the pleadings.

## III. Analysis

{¶ 7} For the sake of clarity, we will address appellee's cross-assignments of error first and appellant's assignments of error thereafter.

### A. Appellee's first cross-assignment of error

{¶ 8} Appellee's first cross-assignment of error asserts the trial court erred in dismissing the case on the basis of a statute of limitations that applies to promissory notes when the complaint expressly stated this was an action for breach of contract and damages.

{¶ 9} We review de novo a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6). *Adams v. Margarum*, 2017-Ohio-2741, ¶ 12 (10th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5 and *Rooney v. Ohio State Hwy. Patrol*, 2017-Ohio-1123, ¶ 13 (10th Dist.). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is a procedural mechanism that contests the sufficiency of the complaint. *Id.*, citing *State ex*

*rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A trial court considering a Civ.R. 12(B)(6) motion is limited to the four corners of the complaint, and any attachments thereto, and it may grant dismissal only if it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A trial court must presume the truth of all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Adams* at ¶ 12, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). However, a court may disregard any unsupported or conclusory legal propositions contained in the complaint. *Id.*, citing *Rooney* at ¶ 14.

{¶ 10} Appellee's brief asserts the trial court judge had already granted a judgment by default in appellee's favor in a previous case, and that the present complaint was merely an attempt to collect on this outstanding judgment. As already noted, however, a court in deciding on a Civ.R. 12(B)(6) motion to dismiss may consider only the complaint's four corners and any attachments thereto. *Adams* at ¶ 12; *see Agrawal v. Univ. of Cincinnati*, 2017-Ohio-8644, ¶ 18 (10th Dist.). Thus, the trial court could properly consider nothing but the complaint, the promissory note, the letter demanding payment on the note, and the balance sheet. Nothing in the complaint or any attached document mentions the existence of a prior case that granted default judgment in appellee's favor. Our review will not entertain the proceedings of any prior case, despite appellee's inappropriate attempts in its brief to call this court's attention to such litigation history.

{¶ 11} The complaint cites appellant's purported failure to pay back the note as the sole basis for the breach of contract claim. Thus, the only dispute in this case centers on the promissory note. Appellee's efforts to recast this case as merely a generic breach of contract, to which laws concerning promissory notes do not apply, are unavailing. Ohio law states "[i]f no demand for payment is made to the maker of a note payable on demand, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years." R.C. 1303.16(B). In this case, the parties executed the note at issue on July 23, 1994. Appellee claims the note has never been paid back, and a letter demanding payment was not sent until April 10, 2017—more than 22 years after the note's execution. The statute of limitations in R.C. 1303.16(B) has long since

barred the present action. Appellee failed to state a claim upon which relief could be granted. *See* Civ.R. 12(B)(6). The trial court accordingly did not err, and appellee's first cross-assignment of error is overruled.

### B. Appellee's second cross-assignment of error

{¶ 12} Appellee's second cross-assignment of error contends the trial court erred in substantively modifying its dismissal entry sua sponte. Appellee believes the trial court should have instead modified its dismissal entry only upon a Civ.R. 60(B) motion or by converting the motion to dismiss to a motion for summary judgment.

{¶ 13} The trial court's August 20, 2024 entry dismissed the case "as to all Defendants." (Entry & Order at 1.) It found the claims against the three defendant-corporations "are also barred by the Statute of Limitations as the claims against those [defendant-corporations] are the same claims against [appellant]." (Entry & Order at 1.) Although appellant filed a motion to modify the trial court's dismissal entry, the trial court's August 20, 2024 entry did not base its ruling on Civ.R. 60(A). Instead, it concluded "all claims against all the Defendants are based upon a Note that cannot be enforced due to the Statute of Limitations." (Entry & Order at 1.) A trial court may sua sponte dismiss a case pursuant to Civ.R. 12(B)(6) without notice to the parties if "the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161 (1995), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). In light of the 10-year statute of limitations on "an action to enforce" a promissory note, R.C. 1303.16(B), and the 22-year timespan present in the case now before us, appellee at the very least "obviously cannot prevail on the facts alleged in the complaint." *Fogle* at 161. Thus, it was proper for the trial court to sua sponte dismiss the case as to all defendants under Civ.R. 12(B)(6) without the need for modification under any other civil rule. The trial court did not err in dismissing the case as to all defendants. Accordingly, appellee's second cross-assignment of error is overruled.

### C. Appellee's third cross-assignment of error

{¶ 14} Appellee's third cross-assignment of error alleges the trial court erred by granting the Civ.R. 12(B)(6) motion to dismiss on the basis of matters outside the pleadings.

{¶ 15} As already discussed, the trial court dismissed the case pursuant to Civ.R. 12(B)(6) because, taking the complaint at face value, there was a continuous period

of nonpayment on the promissory note that lasted more than 22 years. Because 22 years is well beyond the 10-year statute of limitations of R.C. 1303.16(B), the trial court dismissed the case for failure to state a claim. The trial court did not need to rely on any matters outside the pleadings to reach this result. Although the trial court in its August 20, 2024 entry discussed matters outside the pleadings as they pertained to appellant's motion to modify the entry, none of those considerations were used to justify the trial court's Civ.R. 12(B)(6) dismissal. Thus, contrary to appellee's assertion, the trial court did not consider matters outside the pleadings in dismissing the case. Accordingly, appellee's third cross-assignment of error is overruled.

### D. Appellant's assignments of error

{¶ 16} Appellant's first assignment of error argues the trial court abused its discretion in denying, without first holding a hearing, her motion for sanctions pursuant to Civ.R. 11. Appellant's second assignment of error likewise contests the trial court's denial of her sanctions motion but under the authority of R.C. 2323.51. Because these assignments of error are interrelated, we consider them together.

{¶ 17} In reviewing a trial court's decision to forego a hearing in its denial of a motion for sanctions, this court asks whether " 'there exists an arguable basis for sanctions.' " *Payne v. ODW Logistics, Inc.*, 2019-Ohio-3866, ¶ 17 (10th Dist.), quoting *Woodworth v. Huntington Natl. Bank*, 1995 Ohio App. LEXIS 5424, *14 (10th Dist. Dec. 7, 1995). " 'Where there exists an arguable basis for an award of sanctions, a trial court must hold a hearing on the issue.' " *Id.*, quoting *Woodworth* at *15. "The key to this court's analysis of whether a hearing should have been held 'is that the trial court may deny an oral hearing only to those motions which on their face reveal the lack of a triable issue.' " *Id.* at ¶ 26, quoting *Donaldson v. Todd*, 2007-Ohio-6504, ¶ 9 (10th Dist.).

{¶ 18} Here, the trial court denied appellant's motion for sanctions without any hearing or explanation. Ohio law provides two unique mechanisms "for an aggrieved party to seek attorney fees for frivolous conduct—R.C. 2323.51 and Civ.R. 11." *Thomas v. Murry*, 2021-Ohio-206, ¶ 34 (8th Dist.), citing *In re Estate of O'Toole*, 2019-Ohio-4165, ¶ 22 (8th Dist.).

{¶ 19} Under Civ.R. 11, an attorney's signature on pleadings, motions, or other documents certifies the attorney (1) "has read the document," (2) to the best of the

attorney's "knowledge, information, and belief there is good ground to support it," and (3) "that it is not interposed for delay." A trial court examining an alleged Civ.R. 11 violation employs a subjective "bad faith" standard in which it determines whether an attorney violated the rule willfully or merely negligently. *See Stafford v. Columbus Bonding Ctr.*, 2008-Ohio-3948, ¶ 8 (10th Dist.), citing *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 290 (9th Dist. 1992). Only a "willful violation" of Civ.R. 11 may result in "an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." Civ.R. 11. Penalties under Civ.R. 11 may be levied only against attorneys or pro se litigants.

{¶ 20} Under R.C. 2323.51, "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). A trial court, in turn, "may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1). Such award "may be made against a party, the party's counsel of record, or both." R.C. 2323.51(B)(4). Frivolous conduct that can support a sanctions penalty under R.C. 2323.51 includes "the filing of a pleading" that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(1)(a) and (A)(2)(a)(ii). A court determines whether a party or a party's counsel engaged in frivolous conduct under R.C. 2323.51 using an objective test, "without reference to what the individual knew or believed." *Stafford* at ¶ 8, citing *Stevenson v. Bernard*, 2007-Ohio-3192, ¶ 41 (11th Dist.). In objectively reviewing allegedly frivolous conduct under R.C. 2323.51(A)(2)(a)(ii), " 'an attorney's ignorance of the law or failure to investigate the law is not deemed objectively reasonable.' " *Calypso Asset Mgt., L.L.C. v. 180 Indus., L.L.C.*, 2019-Ohio-2, ¶ 43 (10th Dist.), quoting *Kozar v. Bio-Medical Applications of Ohio, Inc.*, 2004-Ohio-4963, ¶ 17 (9th Dist.). A party's counsel has engaged in frivolous conduct if a " 'reasonable inquiry by a party's counsel of record should [have] reveal[ed] the inadequacy of a claim.' " *Id.*, quoting *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 97-98 (1998).

{¶ 21} As discussed above, the complaint in the present case was styled as a standard breach of contract claim, but the sole basis of the claim rested on the alleged failure to pay back what was owed on a promissory note. Statute of limitations regarding promissory notes are governed by R.C. 1303.16. The particular type of note at issue here is subject to a statute of limitations of 10 years. *See* R.C. 1303.16(B). Appellee's own complaint detailed a delay of over 22 years from the execution of the note to the first attempt at collecting payment on the note. As to Civ.R. 11, appellee's attorney surely should have known there was not "good ground to support" the claim, seeing as the deadline for filing the complaint had passed more than a decade prior. Civ.R. 11. There is certainly an " 'arguable basis' " for appellant's argument that appellee's attorney willfully violated Civ.R. 11 and, therefore, that sanctions should be levied. *Payne*, 2019-Ohio-3866, at ¶ 17 (10th Dist.), quoting *Woodworth*, 1995 Ohio App. LEXIS 5424, at *15. On Civ.R. 11 grounds alone, the trial court ought to have held a sanctions hearing. The same holds true for appellant's motion for sanctions under R.C. 2323.51. The complaint here was blatantly "not warranted under existing law." R.C. 2323.51(A)(2)(a)(ii). There seems little doubt that appellee and appellee's attorney engaged in frivolous conduct by filing a complaint that was unambiguously barred by Ohio law. Because "there exists an arguable basis for an award of sanctions" under Civ.R. 11 and R.C. 2323.51(A)(2)(a)(ii), the trial court was required to hold a sanctions hearing. *Payne* at ¶ 17, quoting *Woodworth* at *15. Accordingly, we sustain appellant's first and second assignments of error.

## IV. Conclusion

{¶ 22} Having overruled appellee's three cross-assignments of error and sustained appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. We affirm the trial court's decision to grant the Civ.R. 12(B)(6) motion to dismiss. We reverse the trial court's denial of the motion for sanctions without first holding a hearing, and we remand the matter to that court with instructions to hold a sanctions hearing.

*Judgment affirmed in part and reversed in part;*
*cause remanded with instructions.*

MENTEL and BOGGS, JJ., concur.

———————————