[Cite as *Hadcock Properties, Inc. v. Mesar*, 2013-Ohio-2033.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| HADCOCK PROPERTIES, INC. | C.A. No. 12CA0054-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID MESAR | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 09CIV0786 |

DECISION AND JOURNAL ENTRY

Dated: May 20, 2013

MOORE, Presiding Judge.

{¶1}   Defendant-Appellant, Hadcock Properties, Inc., appeals from the February 1, 2012 judgment entry of the Medina County Court of Common Pleas. We reverse.

I.

{¶2}   Hadcock Properties, Inc. owns a shopping center with six rental units in the City of Brunswick. David Mesar rented the unit at 3843 Center Road for the purpose of running a tanning salon called "Time to Tan." Hadcock Properties, Inc. and Mr. Mesar entered into a lease agreement for a period of three years beginning February 1, 1997, and ending January 31, 2000. After the lease expired, the parties waited fourteen months before entering into a new lease. The second lease was for a period of five years beginning April 1, 2001, and ending March 31, 2006. After the second lease expired, the parties entered into a third lease for a period of five years beginning June 1, 2006, and ending May 31, 2011. The record indicates that the second and

third leases were not properly acknowledged and/or witnessed pursuant to the Statute of Conveyances.

{¶3} In January of 2009, Mr. Mesar ended his tenancy with Hadcock Properties, Inc. by moving out of the rental unit and issuing a final payment check in the amount of $1,100.00.

{¶4} Hadcock Properties, Inc. filed a complaint alleging breach of contract and destruction of the premises and asking for attorney fees. Mr. Mesar filed an answer generally denying the allegations in the complaint, and then filed an amended answer raising the affirmative defense of failure to comply with the Statute of Conveyances. After obtaining new counsel, Hadcock Properties, Inc. filed an amended complaint also alleging part performance, reformation, and promissory estoppel. Mr. Mesar responded by filing an answer/motion to dismiss for failure to state a claim upon which relief can be granted. Mr. Mesar's answer again raised the defense of failure to comply with the Statute of Conveyances. The trial court denied Mr. Mesar's motion to dismiss.

{¶5} The matter was tried before the trial court, first on the issue of liability, then on the issue of attorney fees.

{¶6} In its June 20, 2011 judgment entry regarding liability under the lease, the trial court held as follows:

> * * *
>
> The parties entered into a five year lease. This lease did not comply with the requirements of Ohio's Statute of Conveyances. This Court cannot reform the lease if it does not comply with the Statute of Conveyances. The Court can, however, apply the doctrine of part performance to remove the lease from the operation of the Statute of Conveyances. In doing so, it brings the parties under the terms of the defectively executed lease.
>
> In this case the Court finds that the doctrine of part performance should be applied to this lease. The lessor [Hadcock Properties], by altering the structure of the leased premises; by allowing [Mr.] Mesar to change the electrical system; and by

applying for a zoning variance at [Mr.] Mesar's behest, sufficiently changed [] [Hadcock Properties'] position as to allow this Court to enforce the provisions of the five year lease entered into in 2006.

&ast; &ast; &ast;

Thus, under the terms of the lease, the trial court awarded damages to Hadcock Properties, Inc. in the amount of $14,300.00, plus prejudgment and statutory interest.

{¶7}    In its February 1, 2012 judgment entry regarding attorney fees, the trial court held that "the provision regarding the awarding of attorney fees is not enforceable since the enforcement of the provision would be inequitable."  In reaching this conclusion, the trial court reasoned that Mr. Mesar did not "contribute in any way to the mistake made in the drafting of the lease" causing it to be noncompliant under the Statute of Conveyances.  As a result, the court found it equitable to allow Hadcock Properties, Inc. to recover damages, but inequitable to allow Hadcock Properties, Inc. to recover attorney fees.  In support of its reasoning, the trial court relied upon the "American Rule" for the proposition that, barring certain exceptions, a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation.

{¶8}    Hadcock Properties, Inc. appealed, raising one assignment of error for our consideration.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN SELECTIVELY ENFORCING THE RENTAL, BUT NOT THE ATTORNEY FEES PROVISION OF A DEFECTIVELY EXECUTED LEASE REMOVED FROM THE STATUTE OF CONVEYANCES UNDER THE DOCTRINE OF PART PERFORMANCE.

{¶9}    In its sole assignment of error, Hadcock Properties, Inc. argues that the trial court erred in selectively enforcing some provisions of the lease after exercising its equitable powers to remove it from the Statute of Conveyances but refusing to enforce others.  Specifically, Hadcock

Properties, Inc. argues that the attorney fees provision should be enforced along with the remainder of the lease because, once removed from the Statute of Conveyances, enforceability of the lease should not be "piecemeal." This Court agrees.

{¶10} "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33–34, (1987). *See also State ex rel. Beebe v. Cowley*, 116 Ohio St. 377, 382 (1927). "However, there are exceptions to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees, or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant[.]" (Internal citations omitted.) *Wilborn* at ¶ 7.

{¶11} "When the right to recover attorney fees arises from a stipulation in a contract, the rationale permitting recovery is the 'fundamental right to contract freely with the expectation that the terms of the contract will be enforced.'" *Id.* at ¶ 8, quoting *Nottingdale* at 36. Further, "[t]he presence of equal bargaining power and the lack of indicia of compulsion or duress are characteristics of agreements that are entered into freely." *Wilborn* at ¶ 8, citing *Nottingdale* at 35. "In these instances, agreements to pay another's attorney fees are generally 'enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case.'" *Wilborn* at ¶ 8, quoting *Nottingdale* at syllabus.

**{¶12}** Here, due to the doctrine of part performance, the trial court found that the terms of the defectively executed lease were nonetheless applicable to the parties. In the lease, the parties agreed to the following provision regarding attorney fees:

> In case suit should be brought for recovery of the premises or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including [] reasonable [attorney] fee[s].

In its judgment entry, the trial court did not find the proffered attorney fees of $15,681.34 to be unfair, unjust, or unreasonable. Nor did the trial court find that Mr. Mesar lacked equal bargaining power or that he signed the lease under duress. Instead, the trial court stated:

> In this particular case there is no statute authorizing the awarding of attorney fees. There is a contractual provision, but the contract itself does not comply with the Statute of Conveyances. It doesn't seem equitable, at least to this Court, to allow a litigant to recover attorney fees when that litigant drafted a contract that did not comply with the Statute of Conveyances.

**{¶13}** We conclude that the trial court's reasoning is flawed because once the lease has been removed from the Statute of Conveyances it operates as a contract between the parties. As stated above, individuals have the fundamental right to contract freely with the expectation that the terms of the contract will be enforced. *See Wilborn* at ¶ 8, quoting *Nottingdale* at 36.

**{¶14}** In the present matter, Hadcock Properties, Inc. and Mr. Mesar signed a lease agreement that awarded attorney fees to the prevailing party of certain types of legal actions. By removing the lease from the Statute of Conveyances, the trial court brought the parties under the terms of the lease. Therefore, because Hadcock Properties, Inc. prevailed in its breach of contract action against Mr. Mesar, and the parties' lease agreement contained a provision for the prevailing party to be awarded reasonable attorney fees, the trial court erred in failing to award Hadcock Properties, Inc. attorney fees in the amount of $15,681.34.

**{¶15}** Accordingly, Hadcock Properties, Inc.'s assignment of error is sustained.

III.

**{¶16}** In sustaining Hadcock Properties, Inc.'s sole assignment of error, the judgment of the Medina County Court of Common Pleas is reversed, and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRIAN K. SKIDMORE, Attorney at Law, for Appellant.

JOSEPH F. SALZGEBER, Attorney at Law, for Appellee.