[Cite as *Harold Pollock Co., L.P.A. v. Bishop*, 2014-Ohio-1132.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| HAROLD POLLOCK CO., LPA | C.A. No.  12CA010233 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| LAURA BISHOP, et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellees | CASE No.  08CV158578 |

DECISION AND JOURNAL ENTRY

Dated: March 24, 2014

CARR, Judge.

{¶1} Appellants, Harold Pollock Co., LPA, and attorney Harold Pollock, appeal the judgment of the Lorain County Court of Common Pleas that awarded judgment in their favor but denied several related motions. This Court affirms in part and reverses in part.

I.

{¶2} Laura Bishop owned a 50% interest in JVL Bishop LLC, a limited liability corporation that held a parcel of land formerly owned by her deceased mother. She wanted to retain Attorney Harold Pollock to represent her in litigation to dissolve JVL because she was deadlocked with her brother over disposition of the land. Pollock agreed, despite the fact that Bishop had no job and no other source of income from which to pay his fees. According to Pollock, he did so based on the presumed value of the real estate at issue and his estimation that a resolution would be forthcoming. Problems developed in their attorney-client relationship, however, and Pollock informed Bishop that he would not continue to represent her unless she

agreed to execute a mortgage on her interest in the real estate that would secure payment. Bishop refused, and Pollock terminated the representation.

{¶3}    Pollock sued Bishop and JVL for unpaid attorney's fees, alleging breach of their fee agreement or, in the alternative, that he was entitled to recover under a quantum meruit theory.  He also alleged fraud, fraudulent conveyance, and specific performance of Bishop's alleged offer to grant a mortgage on her property to secure his fees.  Bishop, who appeared pro se, filed a counterclaim that alleged deficiencies in Pollock's representation and unethical actions with respect to the attorney-client relationship.  In response, Pollock amended his complaint to include a claim for libel.

{¶4}    When the case was tried to the bench, Bishop represented herself, while Pollock appeared on behalf of Harold Pollock Co., L.P.A.  Although Pollock did appear with co-counsel at trial, that attorney's involvement in the case was limited to a brief direct examination of Pollock.  In June 2011, the trial court entered judgment in favor of Pollock in most respects, but Pollock filed a notice of appeal to this Court nonetheless.  We dismissed that appeal for lack of a final appealable order, noting that the trial court had not resolved all of the pending claims.  In July 2011, one month after the trial court's initial judgment entry and while Pollock's first appeal was pending, Pollock moved the trial court to disqualify counsel for JVL, to award sanctions against Bishop for frivolous conduct, to award attorney's fees pursuant to contract, and to appoint a receiver over the assets of JVL.  The trial court did not rule on any of these motions while the appeal was pending.

{¶5}    After this Court dismissed the first appeal, the trial court issued a judgment that addressed all of the outstanding claims and pending motions.  The trial court entered judgment in favor of Pollock on his claims for breach of contract and quantum meruit and awarded him

$49,482.00, plus prejudgment interest under the fee agreement accruing at 18%. The trial court also enjoined Bishop from transferring any of her interest in the subject real estate. The trial court entered judgment in favor of Bishop on Pollock's claims for fraud, misrepresentation, and libel, but in favor of Pollock on Bishop's counterclaims. Finally, the trial court denied Pollock's motions to disqualify counsel for JVL, for appointment of a receiver, and for sanctions and attorney's fees. Pollock filed this appeal.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING [POLLOCK'S] MOTION TO DISQUALIFY COUNSEL WHERE NEWMAN WAS PATENTLY CONFLICTED IN THE JOINT REPRESENTATION OF JVL AND JAMES BISHOP.

{¶6} Pollock's first assignment of error argues that the trial court incorrectly denied his motion to disqualify attorney Joel Newman from representing both JVL and James Bishop in these proceedings. We disagree.

{¶7} Trial courts have the inherent authority to regulate the conduct of attorneys, including the disqualification of attorneys in accordance with the Ohio Rules of Professional Conduct. *Carnegie Cos.*, *Inc. v. Summit Properties*, *Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, ¶ 20 (9th Dist.2009). This Court reviews a trial court's decision regarding disqualification for an abuse of discretion. *Sarbey v. Natl. City Bank*, *Akron*, 66 Ohio App.3d 18, 23 (9th Dist.1990).

{¶8} Under Prof.Cond.R. 1.7, which governs conflicts of interest between current clients, a five-step analysis regarding conflicts of interest is required:

"[A] lawyer must: (1) clearly identify the client or clients; (2) determine whether a conflict of interest exists; (3) decide whether the representation is barred by either criteria of division (c); (4) evaluate, under division (b)(1), whether the

lawyer can competently and diligently represent all clients affected by the conflict of interest; and (5) if representation is otherwise permissible, consult with the clients affected by the conflict and obtain the informed consent of each of them, confirmed in writing."

*Carnegie Cos.* at ¶ 21, quoting Official Comment 2 to Prof.Cond.R. 1.7.  When a party waits to move for disqualification of counsel until the litigation has progressed to a point at which substantial hardship to the other party would result, however, the motion may be denied on the basis that the objecting party impliedly consented to the representation.  *Sarbey* at 29.  *See also Popa Land*, *Ltd. v. Fragnoli*, 9th Dist. Medina No. 08CA0062-M, 2009-Ohio-1299, ¶ 11.

{¶9}    Pollock filed this case in September 2008, and counsel for James Bishop and JVL appeared consistently on their behalf after moving to quash service on November 25, 2008. Counsel for Bishop and JVL participated actively and without objection during the bench trial on May 19, 2011, despite statements by Pollock indicating that he knew of the alleged conflict. Pollock, however, did not move to disqualify counsel until July 11, 2011, after the trial court had entered its initial judgment and after the first appeal in this case had been filed.  In other words, Pollock essentially litigated this case to conclusion before asking the trial court to disqualify opposing counsel.  Under these circumstances, James Bishop and JVL would undoubtedly suffer a substantial hardship if disqualification were to occur.  The trial court's decision to deny Pollock's motion was not an abuse of discretion, and Pollock's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DISMISSING [POLLACK'S] LIBEL CLAIM WHERE STATEMENTS MADE BY BISHOP IN HER COMPLAINT WERE DEFAMATORY AND UNPRIVILEGED.

{¶10} Pollock's second assignment of error is that the trial court erred by entering judgment in favor of Bishop on his libel claim because Bishop made defamatory statements that were not subject to privilege in the context of a judicial proceeding. We disagree.

{¶11} "A cause of action for defamation consists of five elements: (1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.2009). A statement that might otherwise be defamatory is not actionable when published subject to an absolute privilege. *Morgan v. Community Health Partners*, 9th Dist. Lorain No. 12CA010242, 2013-Ohio-2259, ¶ 8. Statements made in the course of judicial proceedings are absolutely privileged if they bear a reasonable relationship to the underlying proceeding. *Michaels v. Berliner*, 119 Ohio App.3d 82, 87 (9th Dist.1997). As this Court has explained:

> With respect to judicial proceedings, the privilege protects the integrity and reputation of the justice system by allowing persons involved in judicial proceedings to speak freely without fear of defamation suits against them. Thus, witnesses, parties, attorneys, and judges are protected while functioning as such in the usual and regular course of judicial proceedings. For example, a statement made in a written pleading or brief, or in an oral statement to a judge or jury in open court, is absolutely privileged if it has some reasonable relation to the judicial proceeding in which it appears.

(Internal citations omitted.) *Id*. The privilege "does not give a person *carte blanche* to defame another on the mere condition that a judicial proceeding is mentioned in, or somehow connected to, the defamatory statement." *Id*. at 87-88. "The test is pertinence to the occasion of the privilege." *Bigelow v. Brumley*, 138 Ohio St. 574 (1941).

{¶12} In *Modler v. Modler*, 2d Dist. Montgomery No. 18206, 2000 WL 1162033, (Aug. 18, 2000), for example, a foreclosure defendant alleged that her ex-husband colluded with his parents and acted in bad faith in a related domestic relations case in order to deprive her of her

interest in the marital property. *Id*. at * 4. In the defamation case that followed, the court concluded that her statements were based on the defendant's belief that she had been forced into foreclosure. *Id*. The Court noted that with respect to the defense that she asserted in the foreclosure, "[w]hether or not this theory is true is irrelevant to the defense of absolute privilege[.]" *Id*. The Court concluded that because the alleged defamatory statements were related to why the defendant "believed as a matter of law and/or equity that she should be heard * * * the allegations are reasonably related to the foreclosure action." *Id.*

{¶13} In this case, Bishop asserted a pro se counterclaim against Pollock that is difficult to categorize. As the trial court concluded, certain aspects of the claim lend themselves to being characterized as legal malpractice. Bishop described her claim as "fraud on the court," "disbarment," and "frivolous action." The trial court concluded that apart from a claim for legal malpractice, which was time barred, Bishop did not state any legally cognizable claims. The substance, however, appears to be Bishop's belief that Pollock colluded with others to defraud her of her property interest by driving her into foreclosure, manipulating her, engaging in otherwise unethical conduct, and transgressing the bounds of the attorney-client relationship. In that context, she alleged – among many other things – that Pollock kissed her on one occasion and that she saw Pollock "pop pills." Bishop and Pollock both testified about these alleged events at trial and, understandably, their testimony diverges. Whether or not her allegations are legally relevant, they are reasonably related to the claims and/or defenses that she asserted, however they may best be categorized. The trial court did not err in this determination, and Pollock's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN REFUSING TO APPOINT A RECEIVER TO SELL BISHOP'S INTEREST IN JVL WHERE APPELLANT HAS NO OTHER WAY OF COLLECTING ITS JUDGMENT IN THE NEAR TERM.

{¶14} Pollock's third assignment of error is that the trial court abused its discretion by denying his motion to appoint a receiver over JVL Bishop. We disagree.

{¶15} R.C. 2735.01, as relevant to Pollock's motion to appoint a receiver, provides:

A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:

(A) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;

***

(C) After judgment, to carry the judgment into effect;

***

(F) In all other cases in which receivers have been appointed by the usages of equity.

A receiver may also be appointed upon judicial dissolution of a corporation under R.C. 1701.91 or, as with R.C. 2735.01(A), as a remedy for fraudulent conveyance under R.C. 1336.04. Regardless, the appointment of a receiver is an extraordinary remedy, and one that is entrusted to the discretion of the trial court upon due consideration of all of the surrounding circumstances. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73 (1991), quoting *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir.1988). We review a trial court's decision regarding the appointment of a receiver for an abuse of discretion. *Maynard v. Cerny*, 9th Dist. Summit No. 21652, 2004-Ohio-955, ¶ 10.

{¶16} The procedural history of this case provides the context for the decision at issue now. When the trial court first ruled on some of Pollock's claims in June 2011, it found in his favor on the fraudulent conveyance claims, voided several transactions that Bishop had initiated, and granted Pollock an equitable lien over Bishop's assets, including her interest in the subject real estate. This Court determined that the June 2011 order was not final and appealable, however, and after we dismissed that appeal, the trial court revisited some of its earlier decisions. Specifically, the order that Pollock now appeals entered judgment in favor of Bishop on the fraudulent conveyance claim and restored the subsequent purchasers' interest in the transferred properties.

{¶17} Pollock's arguments with respect to the appointment of a receiver boil down to a common theme, however: according to his allegations, Bishop fraudulently conveyed property owned by JVL Bishop to third parties and, as a result of her fraudulent actions, Pollock maintained that he was entitled to protection of his judgment against further conveyances. In light of the trial court's initial ruling on Pollock's claims, which was only weeks before Pollock refiled the motion to appoint a receiver, this position is understandable. Because the trial court ultimately ruled against Pollock on the fraudulent conveyance claims on which his motion for a receiver was based, however, the trial court did not abuse its discretion by denying that motion as well. Pollock's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION [] FOR SANCTIONS UNDER R.C. §2323.51 AND IN FAILING TO AWARD ATTORNEYS' FEES.

{¶18} Pollock's final assignment of error is that the trial court erred by failing to award him attorney's fees in connection with the defense of Bishop's counterclaims under R.C.

2323.51. He has also argued that the trial court erred by denying his motion for contractual attorney's fees in connection with bringing his claims against Bishop for breach of their fee agreement. We agree.

{¶19} R.C. 2323.51(B)(4) permits an award of reasonable attorney's fees for frivolous conduct against a party to a civil action. Conduct is "frivolous" within the meaning of the statute when:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;]
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law[;]
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[;] [or]
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a). "R.C. 2323.51 does not purport to punish a party for failing on a claim. Rather, it addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained." *Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 10th Dist. Franklin No. 08CA-44, 2008-Ohio-4070, ¶ 22.

{¶20} A trial court must hold a hearing before *granting* a motion for sanctions. R.C. 2323.51(B)(2). Nonetheless, "R.C. 2323.51 does not expressly require a hearing before a court may deny a motion for attorney fees, and it has been held that a court need not conduct a hearing before denying the motion where the motion does not demonstrate arguable merit." *Servpro v.*

*Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 17, citing *Donaldson v. Todd*, 174 Ohio App.3d 117, 2007-Ohio-6504, at ¶ 9 (10th Dist.). "The trial court should examine the motion to determine whether it warrants an evidentiary hearing, and where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing." *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 33. On the other hand, courts have concluded that R.C. 2323.51 requires a hearing when a motion for sanctions demonstrates "arguable merit." *Servpro* at ¶ 17. *See also Lakeview Holding (OH) v. Haddad*, 8th Dist. Cuyahoga No. 98744, 1013-Ohio-1796, ¶ 14, citing *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008–Ohio–3130, ¶ 31. The determinative factor is whether the motion for sanctions demonstrates the absence of a triable issue on its face. *Donaldson* at 121, citing *Cortext ltd. v. Pride Media Ltd.*, 10th Dist. Franklin No. 02AP-1284, 2003-Ohio-5760, ¶ 13.

{¶21} Pollock's motion for sanctions in connection with Bishop's counterclaim argued that Bishop filed non-existent legal claims against him for the purpose of delaying the proceedings, harassing him, and damaging his reputation, noting that her counterclaims recite his disciplinary history and allege inappropriate conduct in the course of the attorney-client relationship. In the June 2011 order, the trial court found that her counterclaims were "factually baseless." This Court takes no position with respect to the ultimate questions of whether this constitutes "frivolous conduct" as defined by R.C. 2323.51 and, if so, whether Pollock is entitled to any attorney's fees as a sanction. Nonetheless, we cannot conclude upon review of Pollock's motion that on its face, it demonstrates the complete absence of a triable issue. In this respect, the trial court erred by denying Pollock's motion under 2323.51 without a hearing.

{¶22} Pollock has also argued that the trial court erred by denying his motion for contractual attorney's fees in connection with bringing his claims against Bishop. Attorney's

fees may be awarded to a prevailing party when an enforceable contract specifically so provides. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. "[A]greements to pay another's attorney fees are generally 'enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case.'" *Id.* at ¶ 8, quoting *Nottingdale Homeowners' Assoc., Inc. v. Darby*, 33 Ohio St.3d 32, 35 (1987).

{¶23} In this case, the trial court entered judgment in favor of Pollock on his claim for breach of contract and awarded prejudgment interest as provided in the fee agreement, thus recognizing the enforceability of the agreement. Bishop did not appeal the judgment. The fee agreement provides that "[s]hould a dispute arise between Client and Counsel, * * * the prevailing party shall be entitled to reasonable attorney's fees and costs." Because the trial court recognized the enforceability of the fee agreement, we agree that the trial court erred by denying Pollock's motion for attorney's fees in total. *See*, *e.g.*, *Hadcock Properties, Inc. v. Mesar*, 9th Dist. Medina No. 12CA0054-M, 2013-Ohio-2033, ¶ 12-13 (concluding that once the trial court determined the validity of a contract, it erred by declining to enforce a provision awarding attorney's fees to the prevailing party).

{¶24} Pollock's fourth assignment of error is sustained.

IV.

{¶25} Pollock's first, second, and third assignments of error are overruled. His fourth assignment of error is sustained. This matter is remanded to the trial court for a hearing on Pollock's motion for sanctions under R.C. 2323.51 and for the trial court to determine Pollock's motion for attorney's fees arising under the fee agreement.

Judgment affirmed in part,
reversed in part

and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

HAROLD POLLOCK, Attorney at Law, Appellant.

LAURA BISHOP, pro se, Appellee.

JOEL I. NEWMAN, Attorney at Law, for Appellees.