[Cite as *Uting v. Zimmer*, 2022-Ohio-3248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeramy Uting, | : | |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | |
| | : | No. 21AP-627<br>(M.C. No. 2017CVG-24574) |
| v. | : | (REGULAR CALENDAR) |
| Christine S. Zimmer, | : | |
| Defendant-Appellee/<br>Cross-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on September 15, 2022

**On brief:** *Samuel H. Shamansky Co., L.P.A., Samuel H. Shamansky*, and *Donald L. Regensburger*, for Uting. **Argued:** *Donald L. Regensburger*.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Plaintiff-appellant/cross-appellee, Jeramy Uting, appeals from the October 26, 2021 judgment entry of the Franklin County Municipal Court denying his motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11 against defendant-appellee/cross-appellant, Christine S. Zimmer. For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} On July 21, 2017, Uting filed a complaint against Zimmer, the first cause of action was for forcible entry and detainer, and the second cause of action was for damages. The complaint alleged that Uting is the landlord and he and Zimmer had an oral tenancy.

Uting alleged Zimmer violated the terms of the tenancy by way of non-payment of rent and unlawful activity. Uting claimed Zimmer owed rent in the amount of $2,950, utilities in the amount of $450, and damages to the property in the amount of "unknown." (Compl. at 1.)

{¶ 3} On August 11, 2017, Zimmer filed an answer requesting the case be dismissed and demanding attorney fees "for defending the self help eviction, as authorized by statute, and to be taxed as costs." (Zimmer's Answer at 3.) Also on August 11, 2017, Zimmer filed a counterclaim. On October 13, 2017, Zimmer filed a "pretrial motion and for declaratory judgment" asking for damages, attorney fees and Civ.R. 11 sanctions. On August 23, 2018, Zimmer filed a "notice of [Uting's] sale of property and motion for mistrial and dismissal of [Uting's] case in chief" asking for damages and attorney fees. The same day, Zimmer filed a motion for leave to file summary judgment on counterclaim.

{¶ 4} On October 31, 2018, the court struck from the record the counterclaim filed by Zimmer for failure to pay the filing fee.[1]  In the same order, the court noted Uting filed a notice on September 12, 2018 stating he was withdrawing his claim for restitution of the premises and, accordingly, the court dismissed Uting's first cause of action without prejudice at appellant's cost. On the same day, the court filed an entry denying Zimmer's pretrial motion and for declaratory judgment, motion for mistrial, motion for dismissal, and motion for leave to file summary judgment on counterclaim. The court noted that "[Uting] has filed written responses to each of [Zimmer's] motions" and "all of [Zimmer's] pending motions are hereby **DENIED**." (Emphasis sic.) (Oct. 31, 2018 Entry at 1-2.) In denying the pretrial motion and for declaratory judgment, the court noted Zimmer had not filed a claim for declaratory judgment and, even if she had, the procedural manner in which the motion seeks the same is not supported by law. In denying the motion for mistrial, the court noted the record does not reflect that any trial occurred. In denying the motion for dismissal, the court noted that Uting's complaint set forth a short plain statement of facts, which, if proved true, show that Uting is entitled to relief, such that the complaint met the

---

[1] On November 13, 2018, the court filed an entry noting that after it had struck the counterclaim from the record on October 31, 2018, Zimmer paid the filing costs for the counterclaim on November 5, 2018. The court noted, however, that Zimmer never filed a motion for leave to file outside of rule and therefore the counterclaim would not be considered and will be stricken from the record entirely. In an entry filed April 18, 2019, the court directed the clerk to refund the counterclaim filing fee tendered on November 5, 2018 to Zimmer.

requirements of Civ.R. 8(A). The court further noted the factual representations contained in the motion to dismiss go to the merits of the case and cannot legally be considered on a motion to dismiss under Civ.R. 12(B)(6).

{¶ 5} On February 14, 2019, Zimmer filed several motions and statements, including a motion to reinstate counterclaim, a pretrial statement, as well as an amended motion for mistrial, a "motion for Rule 11 sanctions for case" and a "motion for sanctions for deposition abuse" in which she asked for damages, attorneys fees, and costs. On April 18, 2019, Zimmer filed a "motion for return to status quo ante, [i]nstanter or in the alternative, recusal of judge."

{¶ 6} On April 18, 2019, the court filed an entry and denied Zimmer's "amended motion for mistrial," "motion to reinstate counterclaim," "motion for Rule 11 sanctions for case" and "motion for sanctions for deposition abuse." The court noted it had reviewed the memoranda in opposition filed by Uting. Generally, the court stated:

> At the outset, the Court notes that Civ.R. 7(B) states that a motion "shall state *with particularity* the grounds therefor." (Emphasis added.) It is not incumbent upon the Court to divine applicable legal arguments where none are supplied by the movant, or to search on its own for rules or arguments that might potentially support a movant's position when the movant herself has failed to cite particular rules or legal standards as grounds for the relief sought. To do so would be inconsistent with Civ.R. 7(B) and the Court's fundamental role as neutral arbiter. Mindful of the above, [the court denied Zimmer's four motions].

(Entry at 1.) Denying Zimmer's amended motion for mistrial, the court noted the motion failed to cite any single rule, local rule, statute, or case law authority. Denying the motion to reinstate the counterclaim, the court noted Zimmer blamed the court for her failure to pay the filing fee for the counterclaim and that although the court had previously indicated it would entertain a properly framed motion to file her counterclaim out of rule, the motion failed to argue particular grounds for relief under the specific, applicable standard stated in Civ.R. 13(F). Denying the two motions for Civ.R. 11 sanctions, the court noted neither was well taken for similar reasons noted previously—neither motion made any attempt to argue how the specific provisions of Civ.R. 11 have been violated. Specifically, with regard to the

motion seeking sanctions for deposition abuse, the court noted that "Civ.R. 30(D) sets forth procedures that deal directly with situations of the kind alleged in the motion, but [Zimmer] failed to avail herself of those procedures [and Zimmer] also did not file any motion for protective order under Civ.R. 26(C)." (Entry at 2.)

{¶ 7} Uting filed a motion for sanctions and request for hearing on April 26, 2019 pursuant to R.C. 2323.51 and Civ.R. 11. On July 25, 2019, the court filed an entry noting Zimmer had not filed a response and the court would hold its ruling on Uting's motion in abeyance until after the case is decided on the merits. The trial court's ultimate denial of this April 26, 2019 motion without a hearing is the subject of the appeal before us.

{¶ 8} On October 23, 2019, Uting filed a motion to consolidate this case, 2017CVG-24574, with case No. 2019CVH-28173. In the motion, Uting stated the complaint filed in case No. 2019CVH-28173 by Zimmer substantially mirrored the claims set forth in the original counterclaim filed by Zimmer in case No. 2017CVG-24574, however the complaint "merely substitute[ed] [Ms. Zimmer's] minor child as the aggrieved party." (Uting Mot. to Consolidate at 3.) The docket in case No. 2019CVH-28173 reflects the cases were consolidated on January 24, 2020.

{¶ 9} On September 1, 2020, Zimmer filed a motion to dismiss Uting's second cause of action.

{¶ 10} On October 14, 2020, Uting filed in case Nos. 2017CVG-24574 and 2019CVH-28173 a motion to compel answers to interrogatories and request for production of documents and moved the court to order any sanctions it deemed appropriate. On November 6, 2020, the court filed an entry in the consolidated cases ordering all discovery be submitted by December 15, 2020, and setting the case for a status conference on January 4, 2021. On January 13, 2021, the court filed an entry granting Uting's motion to compel discovery and ordered Zimmer to provide discovery by February 1, 2021. The court noted that Zimmer did not file a response to Uting's motion to compel, and at the hearing Zimmer did not dispute that she had not timely responded to Uting's discovery requests. The court noted, however, the parties agreed that Zimmer had provided discovery shortly before the hearing, but Uting represented the discovery response was deficient.

{¶ 11} On January 4, 2021, Uting filed a motion to dismiss Zimmer's complaint filed in case No. 2019CVH-28173. On February 5, 2021, the court filed an order noting Zimmer indicated that the complaint filed in case No. 2019CVH-28173 would be voluntarily dismissed.[2] Therefore, the court noted that Uting agreed his motion to dismiss was moot as it pertained solely to discovery requests relating to the counterclaim. On April 18, 2021, Zimmer filed an affidavit of disqualification against the trial court judge. On April 23, 2021, the trial court judge voluntarily recused herself and a new trial court judge was appointed to preside over the case. On April 29, 2021, the Chief Justice dismissed the affidavit of disqualification as moot.

{¶ 12} On July 14, 2021, the new trial court judge filed an order indicating a miscellaneous hearing was held on May 24, 2021 at which both parties appeared through counsel. The court found, based on the hearing and review of the file, that the only matters remaining for adjudication in this case are "[Uting's] second cause of action for money damages, and [Uting's] motion for sanctions." The court noted the February 5, 2021 order "reflects that [Zimmer] voluntarily dismissed the counterclaim; therefore, no counterclaim is before the Court." (July 14, 2021 Order.)

{¶ 13} On October 25, 2021, Zimmer filed a motion to dismiss count two due to lack of jurisdiction, arguing that a second cause of action in a forcible entry and detainer case does not survive a dismissed first cause of action, failure of personal jurisdiction, and failure to state a claim.

{¶ 14} The trial court conducted a bench trial on October 25, 2021. Uting presented no evidence at trial. On October 26, 2021, the trial court filed a judgment entry and found that Uting had not met his burden of proof and the complaint failed. The court therefore entered judgment in favor of Zimmer on Uting's second cause of action. The court also

---

[2] The February 5, 2021 order states "[a]t the beginning of the hearing, counsel for Defendant Colton Rogers represented that the counterclaim filed on his behalf would be voluntarily dismissed." A footnote referring to the counterclaim states "[a]s reflected in the record, the counterclaim was originally filed as a small claims complaint in 2019 CVH 28173 and was subsequently consolidated with 2017 CVG 24574." The docket in case No. 2019CVH-28173 reflects an "entry [filed on February 5, 2021] granting plaintiff's motion to dismiss. Case dismissed without prejudice by Judge Thomas." The docket in case No. 2019CVH-28173 reflects the case is closed.

noted in the entry that Zimmer's counterclaim was previously dismissed.  Finally, the court noted that "[Uting's] Motion for Sanctions [is] denied."

{¶ 15} On November 24, 2021, Uting filed a notice of appeal.  Zimmer filed a notice of cross-appeal on November 30, 2021.

{¶ 16} On November 30, 2021, Zimmer filed in the municipal court a motion to order payment of court costs asking the trial court to award Zimmer court costs and reasonable attorney fees.  On December 1, 2021, Zimmer filed in this court a motion to dismiss or remand this matter to the trial court to allow the trial court to rule on a pending motion for attorney fees which was filed after both the final entry of judgment and notices of appeal.  On December 9, 2021, this court denied Zimmer's motion to dismiss the appeal and to remand to the trial court to rule on her motion for court costs and attorney fees.

## II.  Uting's Appeal, Zimmer's Cross-Appeal and Motion to Dismiss Appeal

{¶ 17} As to Uting's appeal, Uting filed a merit brief in support of his appeal on February 16, 2022.  Zimmer did not file a brief in response, but rather filed a motion to dismiss on June 21, 2022.  On June 27, 2022, Uting filed a memorandum contra Zimmer's motion to dismiss.  On August 4, 2022, Zimmer filed a motion to strike Uting's memorandum contra to Zimmer's June 21, 2022 motion to dismiss pursuant to App.R. 15(A) and Loc.R. 7(A).  On August 11, 2022, Uting filed a memorandum contra Zimmer's motion to strike.  On August 30, 2022, Zimmer filed a motion to strike Uting's memorandum contra [Zimmer's] August 4, 2022 motion to strike.  On August 31, 2022, Uting filed a memorandum contra Zimmer's August 30, 2022 motion to strike.  On September 1, 2022, Zimmer filed a motion to dismiss [Uting's] appeal for failure to prosecute.

{¶ 18} Zimmer argues this appeal should be dismissed because: (1) this court lacks jurisdiction to hear Uting's appeal due to Zimmer's still pending request for attorney fees and costs, (2) Uting intentionally failed to submit necessary portions of the appellate case record, (3) Uting intentionally failed to submit relevant facts to this court in its pleadings, and (4) Uting intentionally failed to present relevant facts to this court in response to its questions at recent oral arguments.  Finding no merit to these arguments, as further explained below, we deny Zimmer's motion to dismiss.

{¶ 19} In support of her motion to dismiss, Zimmer argues this court lack's jurisdiction because the trial court has not yet addressed or imposed attorney fees or court costs in her favor. Zimmer suggests this court should dismiss the appeal as premature and send the case back to the trial court "to conclude its case, and allowing [Zimmer] to submit evidence of reasonable value of attorney fees so that all Court costs can be assessed from [] Uting." (Mot. to Dismiss at 12.)

{¶ 20} We find the October 26, 2021 judgment entry is a final, appealable order and we do have jurisdiction to consider this appeal. To begin, we note the judgment entry indicates that it is a "final, appealable order." The judgment entry also notes that Uting's second cause of action was dismissed and his first cause of action and Zimmer's counterclaim were previously dismissed. Furthermore, there is no indication in the entry that the trial court found Zimmer was entitled to court costs or attorney fees. Our review of the record, as summarized above, reveals no pending or unaddressed requests for attorney fees or costs made by Zimmer prior to the filing of the court's judgment entry on October 26, 2021. To the contrary, the record reveals the opposite. The trial court addressed and denied every single one of Zimmer's requests. Therefore, we reject Zimmer's argument in support of dismissing Uting's appeal for lack of jurisdiction as we find the judgment entry to be a final, appealable order.

{¶ 21} Furthermore, we note the record was submitted on January 27, 2022. Zimmer is correct when she states that no transcripts were submitted, however Uting's appeal alleges error for failure to hold a hearing. Therefore, a transcript for a hearing not held would not exist. Zimmer complains that no discovery deposition transcripts were filed with the record. However, the deposition transcripts are not necessary at this time to determine whether the trial court abused its discretion in not holding a hearing. In addition, Loc.R. 11 provides for oral argument without request or motion and that each side will be allowed 15 minutes for oral argument. However, App.R. 18(C) states:

> If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of

the facts and issues as correct and reverse the judgment if
appellant's brief reasonably appears to sustain such action.

**{¶ 22}** Furthermore, App.R. 21(F) states that "[i]f the appellee fails to appear to
present argument, the court will hear argument on behalf of the appellant, if present." As
noted above, Zimmer did not file a brief in response to Uting's merit brief as to his appeal
and did not file a merit brief in support of her own cross-appeal. Oral argument was held
June 8, 2022. Zimmer did not file in writing in advance of oral argument a showing of good
cause to be heard at oral argument. Accordingly, when Zimmer's counsel appeared at oral
argument, counsel was not permitted to argue and be heard. Zimmer cannot now, in a
motion to dismiss the appeal, address Uting's oral argument. Therefore, we reject Zimmer's
additional arguments in support of dismissing Uting's appeal.

**{¶ 23}** Accordingly, we deny Zimmer's June 21, 2022 motion to dismiss Uting's
appeal.

**{¶ 24}** As to Zimmer's cross-appeal, she did not file a merit brief in support of her
cross-appeal. Accordingly, we sua sponte dismiss Zimmer's cross-appeal for failure to
prosecute pursuant to App.R. 18(C) and Loc.R. 10(D).

**{¶ 25}** We proceed now to consider the merits of Uting's appeal.

### III. Assignment of Error - Analysis of Uting's Assignment of Error

**{¶ 26}** Uting assigns the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION BY
> DENYING [UTING'S] REQUEST FOR ATTORNEY FEES
> UNDER R.C. 2323.51 AND CIV.R. 11 WITHOUT A HEARING
> DESPITE THE RECORD CLEARLY REFLECTING THAT
> [ZIMMER'S] CONDUCT WAS FRIVOLOUS.

**{¶ 27}** In his sole assignment of error, Uting argues the trial court erred in denying
his motion for attorney fees and costs pursuant to Civ.R. 11 and R.C. 2323.51 without a
hearing.

**{¶ 28}** Uting's motion for attorney fees and costs was premised on the trial court's
express authority to sanction under Civ.R. 11 and R.C. 2323.51. Civ.R. 11 provides that the
signature of an attorney on a pleading, motion, or other document of a party "constitutes a
certificate by the attorney * * * that the attorney * * * has read the document; that to the

best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." "For a willful violation of this rule, an attorney * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." Civ.R. 11. When reviewing an alleged violation of Civ.R. 11, the trial court "must consider whether the attorney signing the document has read the pleading, harbors good grounds to support it to the best of his or her knowledge, information, and belief, and did not file it for purposes of delay." *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 33.

{¶ 29} Pursuant to R.C. 2323.51(B)(1), a court may "award [] court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct." Prior to making such an award, the court must hold a hearing to determine: (1) whether the conduct at issue was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) the amount of the award, if any. *Bennett* at ¶ 17.

{¶ 30} As used in R.C. 2323.51, "frivolous conduct" is defined to include the conduct of a party or the party's attorney that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so

> identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a). " 'Conduct' encompasses '[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action.' " *Russell v. Ryan*, 10th Dist. No. 20AP-176, 2021-Ohio-2505, ¶ 14, quoting R.C. 2323.51(A)(1)(a).

{¶ 31} The standard of review an appellate court uses in R.C. 2323.51 cases depends on whether the trial court's determination resulted from factual findings or a legal analysis. *Breen v. Total Quality Logistics*, 10th Dist. No. 16AP-3, 2017-Ohio-439, ¶ 11, citing *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 18. Because a determination under R.C. 2323.51(A)(2)(a)(ii) is a legal determination, it is subject to de novo review. *Id.* However, determinations under R.C. 2323.51(A)(2)(a)(i), (iii), or (iv) are factual determinations and are therefore given deference. *Id.* These factual determinations will not be reversed if they are supported by competent, credible evidence. *Id.*

{¶ 32} If a trial court finds frivolous conduct, the court then has discretion to grant or deny a request for sanctions. *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 13, citing *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 19. An appellate court will not reverse a trial court's decision to grant or deny a request for sanctions pursuant to Civ.R. 11 or R.C. 2323.51 absent a showing that the trial court abused its discretion. *Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 16AP-502, 2016-Ohio-7876, ¶ 9; *Vineyard Christian Fellowship of Columbus v. Anderson*, 10th Dist. No. 15AP-151, 2015-Ohio-5083, ¶ 41. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, while a trial court must hold a hearing on motions for sanctions that demonstrate arguable merit, where a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing. *Scott v. Nameth*, 10th Dist. No. 16AP-64, 2016-Ohio-5532, ¶ 28, citing *Reyes v. McCabe*, 10th Dist. No. 96APE05-690 (Mar. 31, 1997).

{¶ 33} Nevertheless, "[w]here there exists an arguable basis for an award of sanctions, a trial court must hold a hearing on the issue." *Capps v. Milhem*, 10th Dist. No. 03AP-251, 2003-Ohio-5212, ¶ 7, citing *Woodworth v. Huntington Natl. Bank*, 10th Dist. No. 95APE02-219 (Dec. 7, 1995) (discussing hearing requirement under Civ.R. 11 and R.C. 2323.51). Thus, as previously noted, a trial court's denial of a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions. *Id.* "The key to this court's analysis of whether a hearing should have been held 'is that the trial court may deny an oral hearing only to those motions which "on their face reveal the lack of a triable issue." ' " *Payne v. ODW Logistics, Inc.*, 10th Dist. No. 19AP-163, 2019-Ohio 3866, ¶ 26, quoting *Donaldson v. Todd*, 174 Ohio App.3d 117, 2007-Ohio-6504, ¶ 9 (10th Dist.), quoting *Cortext Ltd. v. Pride Media Ltd.*, 10th Dist. No. 02AP-1284, 2003-Ohio-5760, ¶ 13.

{¶ 34} Recently, in *Russell* we held the following regarding when a trial court is required to hold a hearing on a motion for sanctions. We stated:

> R.C. 2323.51 does not require a trial court to conduct a hearing before denying a motion for sanctions. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 37. R.C. 2323.51(B)(2)(a) provides that an award under the section may be made only after the court, in part, "[s]ets a date for a hearing * * * to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." Thus, R.C. 2323.51(B)(2) requires an evidentiary hearing before granting an award but does not address whether an evidentiary hearing is required before denying the award. Nevertheless, although not explicitly required by the statute, we have held that a trial court must schedule a hearing where a motion demonstrates "arguable merit." *Middle W. Spirits, L.L.C. v. Gemini Vodka, Ltd.*, 10th Dist. No. 20AP-118, 2021-Ohio-1503, ¶ 16. *See Cortext Ltd. v. Pride Media Ltd.*, 10th Dist. No. 02AP-1284, 2003-Ohio-5760, ¶ 13 ("The key to this court's analysis of the hearing requirement pursuant to R.C. 2323.51 is that the trial court may deny an oral hearing only to those motions which 'on their face reveal the lack of a triable issue.' ") (Internal citation omitted.); *Brisco* at ¶ 37. *See also Ohio Power Co. v. Ogle*, 4th Dist. No. 12CA14, 2013-Ohio-1745, ¶ 33 (stating that the "trial court must only

schedule a hearing on those motions [for sanctions] which demonstrate arguable merit"); *Harold Pollock Co., LPA v. Bishop*, 9th Dist. No. 12CA010233, 2014-Ohio-1132, ¶ 20 ("R.C. 2323.51 requires a hearing when a motion for sanctions demonstrates arguable merit.") (Internal citation and quotation omitted.). However, "where a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing." *Middle W. Spirits* at ¶ 16. Thus, "[t]he decision of a trial court to deny a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions." (Internal citation and quotation omitted.) *Payne v. ODW Logistics, Inc.*, 10th Dist. No. 19AP-163, 2019-Ohio-3866, ¶ 17.

Similarly, some appellate courts have found it is reversible error for a trial court to "arbitrarily" deny a motion for sanctions, which occurs "when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing." (Citation and quotation omitted.) *Polk v. Spirit Homecare, Inc.*, 1st Dist. No. C-120088, 2012-Ohio-4948, ¶ 6. *See Galena v. Delaware Cty. Regional* No. 20AP-176 6 *Planning*, 5th Dist. No. 10 CAE 09 0076, 2011-Ohio-2982, ¶ 38 (stating that a trial court "abuses its discretion when it arbitrarily denies a request for attorney fees") (Internal citation and quotation omitted.). Other appellate courts have found that "a hearing is unnecessary" if the court "has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant." (Citation and quotation omitted.) *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 8th Dist. No. 104774, 2017-Ohio-1055, ¶ 18. *See Dennison v. Lake Cty. Commrs.*, 11th Dist. No. 2013-L-097, 2014-Ohio-4295, ¶ 15; *Brock-Hadland v. Weeks*, 7th Dist. No. 13 MA 170, 2015-Ohio-834, ¶ 10 (stating that no hearing required where a motion for sanctions "obviously lacks merit" such that "there is no possible basis for the award"). *See also T.M. v. J.H.*, 6th Dist. No. L-10-1014, 2011-Ohio-283, ¶ 96 (stating that "no hearing is required to deny * * * a motion [for sanctions], due process demands such a hearing when an award may be made").

*Id*. at ¶ 15-16.

{¶ 35} Uting alleged in his motion for sanctions that "[w]ith the exception of her initial Answer, every document filed by [Zimmer] has been wholly frivolous, serving no purpose other than to delay this matter and incur undue expense. These motions have engaged in alarmingly little analysis, contained unsupported factual allegations, and misstated the law. Moreover, this pattern of misconduct demonstrates Counsel for [Zimmer's] willful and repeated violations [of] Ohio Civ. R. 11." (Apr. 26, 2019 Mot. at 1.) In support of his motion, Uting pointed to the following:

(1) Zimmer's filing of the October 13, 2017 pretrial motion and for declaratory judgment which the trial court denied and found was not a claim for declaratory judgment and " '[e]ven if she had, the procedural manner in which the motion seeks declaratory judgment is not supported by law.' " (Mot. for Sanctions at 4, quoting October 31, 2018 Trial Court Entry ("Entry").)

(2) Zimmer's filing of the August 23, 2018 notice of Uting's sale of property and motion for mistrial and dismissal of Uting's case-in-chief which the trial court denied and found " '[t]he record does not reflect that any trial has occurred.' " (Mot. for Sanctions at 4, quoting Entry.) Uting further points out there is no such thing as a civil mistrial.

(3) Zimmer's filing on August 23, 2018 of a motion for leave to file summary judgment on counterclaim which the trial court denied and which Uting argues was "so incomprehensible that [Uting] was required to guess what relief [Zimmer] was seeking from the Court." (Mot. for Sanctions at 4.)

(4) Zimmer's filing on November 5, 2018, approximately 480 days after Uting's filing of the complaint, of a "[c]ounterclaim" which Uting assumes to be duplicative of the original counterclaim which was stricken from the record for failure to pay filing fees and for failure to file a request for leave to file.

(5) Zimmer's filing on February 14, 2019 of a motion to reinstate counterclaim alleging fault of the clerk and the court regarding the failure to pay filing fees.

(6) Zimmer's filing on February 14, 2019 of an amended motion for mistrial, recognized again by the court as " 'fail[ing] to cite any single rule, local rule, statute, or case law authority.' " (Mot for Sanctions at 5, quoting Entry.)

(7) Zimmer's filing on February 14, 2019 of a motion for sanctions for deposition abuse, which the court noted " '[made no] attempt to argue how the specific provisions of Rule 11 [had] been violated.' " (Mot. for Sanctions at 5, quoting Entry.)

(8) Zimmer's filing on February 14, 2019 of a motion for sanctions for this case which the court also noted " '[made no] attempt to argue how the specific provisions of Rule 11 [had] been violated.' " (Mot. for Sanctions at 5, quoting Entry.)

{¶ 36} Uting stated in his motion that as a direct and proximate result of Zimmer's frivolous conduct and groundless motions, he had been forced to incur over $6,000 of attorney fees for solely those hours spent reviewing, researching, and drafting responses to Zimmer's motions but not including time spent in court on the same.

{¶ 37} On the facts of this case, notwithstanding the fact that Uting did not present any evidence at trial and the trial court found Uting did not meet his burden of proof on the second cause of action, we find Uting has established arguable merit to his claim for attorney fees, sanctions, and costs pursuant to Civ.R. 11 and R.C. 2323.51. In particular, we note the record as we have summarized above, the more than four years history of this case, and the trial court's observations as noted above in denying Zimmer's early motions. With this in mind, we find Uting has demonstrated a triable issue with his motion for sanctions. We also note the fact that the second trial judge who conducted the trial on October 25, 2021 and denied Uting's motion for sanctions was appointed to preside over the case in April 2021 and that the first trial judge presided over the case for three and one-half years before recusing herself on April 23, 2021. The first trial judge considered and ruled on Zimmer's various motions which Uting contends to be frivolous. Therefore, we cannot say the second trial judge who denied Uting's motion for sanctions had sufficient knowledge of the circumstances for the denial of the requested sanctions and attorney fees that a hearing would be perfunctory, meaningless, or redundant.

{¶ 38} Therefore, we find the trial court erred in not holding a hearing prior to denying Uting's motion for sanctions. However, we caution, that we do not opine as to the merits of the motion for sanctions and whether sanctions are warranted in this case. We do require on remand that the trial court hold a hearing on Uting's motion for sanctions. Accordingly, we sustain Uting's assignment of error.

**IV. Conclusion**

{¶ 39} For the foregoing reasons, Uting's sole assignment of error is sustained and we reverse the October 26, 2021 judgment entry of the Franklin County Municipal Court only to the extent that it denied Uting's motion for sanctions without holding an evidentiary hearing pursuant to R.C. 2323.51 and Civ.R. 11 to determine whether the motion has merit. We remand this case to that court to hold such hearing.

*Judgment reversed;*
*cause remanded with instructions.*

KLATT and M<sup>c</sup>GRATH, JJ., concur.